**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

ADVANZEON SOLUTIONS, INC.                                      Case No.: 8:20-bk-06764-CPM
                                                              Chapter 7 Case
    Debtor.

_____/

DOUGLAS N. MENCHISE, Chapter 7 Trustee,

    Plaintiff,

v.                                                            Case No.: 8:24-ap-00087-CPM

AMERICA'S AGENDA, HEALTHCARE
EDUCATION FUND,

    Defendant.

_____/

**MOTION TO COMPEL DEPOSITION IN AID OF EXECUTION**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Douglas N. Menchise, Chapter 7 Trustee (the "Judgment Creditor"), by and through the undersigned counsel, respectfully moves this Court for an Order compelling Defendant, America's Agenda, Healthcare Education Fund (the "Judgment Debtor") to appear through its designated corporate representative for a Rule 30(b)(6) deposition in aid of execution pursuant to Federal Rules of Civil Procedure 69(a)(2), 30, and 37, made applicable herein by Federal Rules of Bankruptcy Procedure 7069, 7030, and 7037, and states as follows:

**BACKGROUND FACTS**

1. On May 28, 2025, this Court entered a Final Default Judgment (the "Judgment") in favor of Judgment Creditor and against Judgment Debtor in the amount of Fifty Thousand and 00/100 Dollars ($50,000.00), along with interest from the date of the transfers at issue, avoiding said transfers pursuant to 11 U.S.C. § 549 and authorizing execution to issue (Doc. 15). The Court

39815834v2

further retained jurisdiction to address any further needed and available relief and to consider entry of a separate final judgment for attorneys' fees and costs. *Id*.

2.     As of the date of this Motion, the Judgment remains unsatisfied and is still due and owing.

3.     On February 16 and 18, 2026, Judgment Creditor's process server served a Notice of Taking Deposition Duces Tecum In Aid of Execution (the "Notice") on Judgment Debtor by serving its registered agent, The Corporation Trust Company, at Corporation Trustee Center, 1209 Orange Street, Wilmington, DE 19801, and Judgment Debtor's Chief Economist at 1025 Connecticut Avenue NW, Suite 907, Washington, DC 20036, scheduling a Rule 30(b)(6) deposition to be taken by remote audio-video conference on March 17, 2026 at 10:00 a.m. EST. (Doc. 17).

4.     As reflected in the Certificate of Service of the Notice, on February 13, 2026, the Notice was also served via U.S. Mail, along with Exhibits A and B identifying topics of inquiry and requesting production of various documents. (Doc. 17).

5.     On March 17, 2026, at the noticed time and place, Judgment Creditor's counsel and a court reporter from U.S. Legal Support appeared for the scheduled deposition. The designated corporate representative for Judgment Debtor failed to appear. The court reporter certified the nonappearance on the record, and a certificate of nonappearance was filed with the Court. (Doc. 18).

6.     Judgment Debtor did not provide any advance notice of unavailability, did not move for a protective order, did not object to the Notice, and has offered no justification whatsoever for the failure to appear.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 69(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7069, provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in the Federal Rules of Civil Procedure or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2).

Federal Rule of Civil Procedure 30, made applicable by Federal Rule of Bankruptcy Procedure 7030, governs the taking of oral depositions. Rule 30 permits a party to depose any person, including a party, upon reasonable written notice. Fed. R. Civ. P. 30(a)(1), (b)(1).

Federal Rule of Civil Procedure 37(d)(1)(A)(i), made applicable by Federal Rule of Bankruptcy Procedure 7037, provides that the court may order sanctions, including compelling appearance, when "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). A motion under Rule 37(d) does not require a prior Rule 37(a) conference as a prerequisite. *See* Fed. R. Civ. P. 37(d)(1)(B).

The scope of post-judgment discovery in aid of execution is broad. "[D]iscovery in aid of execution . . . is quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) (recognizing that "[t]he broad discovery provisions" of the Federal Rules of Civil Procedure apply to post-judgment execution discovery). A judgment creditor is entitled to broad discovery to identify assets available to satisfy the judgment. *Id.* at 138-39.

## <u>ARGUMENT</u>

### THE COURT SHOULD COMPEL JUDGMENT DEBTOR'S APPEARANCE

Judgment Creditor is entitled to an order compelling Judgment Debtor to appear for deposition in aid of execution. All prerequisites for the requested relief have been met:

**A valid, unsatisfied judgment exists.** This Court entered a Final Default Judgment on May 28, 2025, in the amount of $50,000.00 plus interest, which remains wholly unsatisfied. (Doc. 15). Judgment Debtor has made no payments toward satisfaction of the Judgment.

**Proper notice was given.** Judgment Creditor served the Notice on Judgment Debtor on February 16 and 18, 2026, by process server, and via U.S. Mail on February 13, 2026, setting the deposition for March 17, 2026. The Notice was served more than 30 days before the scheduled deposition date, well in excess of the reasonable notice required by Rule 30(b)(1). Fed. R. Civ. P. 30(b)(1).

**Judgment Debtor failed to appear without justification.** Despite proper and timely notice, Judgment Debtor's designated corporate representative failed to appear at the scheduled deposition and has provided no justification for the nonappearance. The failure was willful, without excuse, and in complete disregard of the Notice served. Notably, this is consistent with Judgment Debtor's pattern of non-participation in this proceeding, which previously resulted in entry of a default and Final Default Judgment. (Doc. 7; Doc. 15).

Under Rule 37(d), no prior conference is required when a party or party's officer, director, managing agent, or Rule 30(b)(6) designee fails to appear for a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(B). The Court may impose sanctions, including ordering the Judgment Debtor to appear, and "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

**JUDGMENT CREDITOR IS ENTITLED TO REASONABLE EXPENSES**

As set forth above, Rule 37(d)(3) mandates an award of reasonable expenses, including attorney's fees, caused by a party's failure to appear, unless the failure was substantially justified and other circumstances make an award unjust. Here, Judgment Creditor has incurred reasonable expenses as a result of Judgment Debtor's failure to appear, including but not limited to: attorney's fees for preparation and attendance at the deposition; court reporter fees and appearance charges; and fees and costs incurred in bringing this Motion. Judgment Creditor reserves the right to submit a declaration or affidavit itemizing such expenses. Judgment Debtor's failure was not substantially justified–Judgment Debtor offered no objection, no motion for protective order, and no explanation of any kind– and no circumstances exist that would make an award of expenses unjust.

**RELIEF REQUESTED**

WHEREFORE, Judgment Creditor respectfully requests that this Court enter an Order:

(a) Compelling Judgment Debtor to appear for a Rule 30(b)(6) deposition in aid of execution at a date, time, and place to be noticed by Judgment Creditor, such deposition to take place within thirty (30) days of entry of the Order upon not less than fourteen (14) days' written notice;

(b) Requiring Judgment Debtor to produce all documents identified in the Notice at or before the time of the rescheduled deposition;

(c) Awarding Judgment Creditor reasonable expenses, including attorney's fees and costs, incurred as a result of Judgment Debtor's failure to appear, pursuant to Federal Rule of Civil Procedure 37(d)(3);

39815834v2

(d) Granting such other and further relief as this Court deems just and proper.

DATED June 22, 2026                Respectfully submitted,
                                   By: /s/ *Steven M. Berman*
                                   **Steven M. Berman, Esq.**
                                   Florida Bar No.: 856290
                                   **SHUMAKER, LOOP & KENDRICK, LLP**
                                   sberman@shumaker.com
                                   101 E. Kennedy Blvd., Suite 2800
                                   Tampa, Florida 33602
                                   Phone (813) 229-7600; Fax (813) 229-1660
                                   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished on June 22, 2026, via

CM/ECF to all counsel of record, parties registered to receive court notifications and by process

server and U.S. Mail to:

America's Agenda, Healthcare
Education Fund
1025 Connecticut Ave., N.W.
Suite 907
Washington, DC 20036

America's Agenda, Healthcare
Education Fund
c/o The Corporation Trust Company
Corporation Trustee Center
1209 Orange Street
Wilmington, DE 19801

By: /s/ *Steven M. Berman*

6
39815834v2